UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

O

JS-6

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION<br>            Plaintiff(s),<br><br>v.<br><br>LAMARSH FINANCIAL INC, et al.<br><br>            Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. SACV 10-0872 DOC (PJWx)<br><br>**O R D E R GRANTING DEFAULT JUDGMENT** |

Before the Court is a Motion for Default Judgment ("Motion") filed by Federal Deposit Insurance Corporation ("FDIC") requesting that the Court enter default judgment against Defendants Lamarsh Financial, Inc. ("Lamarsh Financial"); Linda Mate ("Mate"); Eric Wexelman ("Wexelman"); Brisa Arenas ("Arenas"); Britten Kimbell ("Kimbell"); Yacou Lazar ("Lazar"); Rashel Saralan ("Saralan") (collectively, "Defendants") in the above-captioned case (Docket 68). After considering the moving papers and [oral argument], and for the reasons described below, the Court hereby GRANTS the Motion.

**I. Background**

Plaintiff alleges that Lamarsh Financial, in conjunction with real estate professionals and individual borrowers, fraudulently obtained loans from Downey

Savings and Loan Association, F.A. ("Downey"). The FDIC, as appointed receiver for Downey, now seeks damages to recover on claims of (1) breach of written contract, (2) professional negligence, (3) negligent misrepresentation, and (4). Complaint, ¶ 3.

Plaintiff first alleges that Arenas, Lamarsh Financial, Mate, and Zeny Lamarsh, Lamarsh Financial's alleged alter ego ("Z. Lamarsh"), submitted a fraudulent written loan application to Downey. Complaint, ¶ 14, 20. Lamarsh Financial, Z. Lamarsh, and Mate allegedly represented that Arenas earned a certain monthly income as a loan officer at a mortgage company. *Id.* at ¶ 15. In reliance on these representations, Downey made a refinance loan to Arenas for $318,000. *Id.* at ¶ 14. On July 10, 2008, Arenas allegedly defaulted on the loan payments, which ultimately resulted in an alleged loss of $224,000. *Id.* at ¶ 18, 21.

The facts are similar for the other loans at issue. Downey made a refinance loan in the amount of $436,00 to Kimbell and Chris Wells ("Wells"), a previous defendant. *Id.* at ¶ 31. The Kimbell/Wells loan was allegedly induced by fraudulent statements from Kimbell, Wells, Lamarsh Financial, Z. Lamarsh, and Wexelman. *Id.* at ¶ 32. On January 22, 2008, Kimbell and Wells allegedly defaulted on their loan payments, resulting in a loss of $301,00. *Id.* at ¶ 35, 38.

Similarly, Downey allegedly made a refinance loan to Lazar in the amount of $448,000 based on material misrepresentations by Lazar, Lamarsh Financial, Z. Lamarsh, and Sam David (initially incorrectly named as Benis Lazar). *Id.* at ¶ 39. On June 16, 2008, Lazar allegedly defaulted on his loan payments, resulting in a loss of $239,000 to Downey. *Id.* at ¶ 46.

Finally, Downey made a refinance loan to Saralan in the amount of $396,000 based on alleged fraudulent misrepresentations by Saralan, Lamarsh Financial, Z. Lamarsh and Sam David ("David"). *Id.* at ¶ 47. On July 5, 2008, Saralan defaulted on payments, allegedly resulting in a loss of $288,000. *Id.* at ¶ 53, 56.

## II. Legal Standard

Federal Rule of Civil Procedure 55 provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g., Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## III. Discussion

### A. Procedural Requirements

The Court begins by determining whether Plaintiff has complied with the applicable procedural requirements. The Court finds that Plaintiff has fulfilled its obligations under Fed. R. Civ. P. 55(a) and Local Rules 55-1 and 55-2 with respect to the entry of default judgment. Specifically, Plaintiff has identified the Defendants against whom the default is sought and have established that the clerk of the court entered a

default against them (Docket 58 – Lamarsh Financial, Docket 28 – Arenas, Mate, Saralan, Wexelman, Docket 62 – Kimbell, Docket 38 - Lazar). Plaintiff has attested that none of the Defendants are infants or incompetent persons and that no Defendants are in active military service. Decl. Wilcox, ¶ 3. Finally, Plaintiff has provided proof that Defendants were served with the Notice of Motion for Default Judgment. Having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Motion.

### B. Sufficiency of the Claim

#### 1. Breach of Written Contract

The essential elements of a contract are: (1) the existence of a contract, (2) that plaintiff performed or had an excuse for not performing the contract, (3) that defendants breached the contract, and (4) that plaintiff was damaged. *First Commercial Mortgage Co., v. Reece,* 89 Cal. App. 4th 731, 745 (2001). Here, Plaintiff sufficiently alleges each of the four required elements for each of the Defendants.

#### 2. Professional Negligence

A professional negligence claim requires: (1) the existence of a professional duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise, (2) a breach of that duty, (3) a proximate causal connection between the negligent conduct and resulting injury, and (4) actual loss or damage. *Budd v. Nixen,* 6 Cal. 3d. 195, 200 (1971). Here, Plaintiff has sufficiently alleged that Lamarsh Financial, Mate, and Wexelman committed professional malpractice in their capacity as mortgage professionals.

#### 3. Negligent Misrepresentation

For a claim of negligent misrepresentation to succeed, a Plaintiff must allege: (1) written misrepresentation of past or existing material fact, (2) without reasonable grounds for believing the facts to be true, (3) with the intent to induce Plaintiff's reliance, (4) Plaintiff's ignorance of the true facts and justifiable reliance on the misrepresentation, and (5) resulting damages. *Fox v. Pollack,* 181 Cal. App. 3d 954, 962 (1986).

Here, the understated secured debt and/or overstated income were written misrepresentations that Defendants had no grounds to believe were true and intended to induce Downey's reliance in regard to approving the loan applications. Downey had no true knowledge of the facts and justifiably relied on such misrepresentations that ultimately created financial losses that the FDIC is now seeking to recoup. These allegations meet the heightened pleading requirements of Fed. R. Civ. P. 9(b).

### 4. Fraud

Under California law, claims of fraud require evidence of the following: (1) a misrepresentation, (2) made with knowledge of the misrepresentation's falsity, (3) and with intent to defraud, (4) justifiable reliance by the Plaintiff, and (5) resulting damage. *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 240 (2007). Plaintiff's allegations meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) because it pleads with particularity the circumstances constituting the fraud and why the fraudulent statements were, in fact, false.

### C. The Court's Discretion to Grant Default Judgment

Even where well-pleaded claims exist, the decision to enter a default judgment is ultimately discretionary. *Aldabe,* 616 F.2d at 1092. In determining whether to exercise their discretion to impose judgment by default, courts look to the following factors for

guidance: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel,* 782 F.2d at 1471-72. The Court considers these factors in turn.

### 1. The Possibility of Prejudice to Plaintiff

The first *Eitel* factor – possibility of prejudice to the plaintiff – strongly supports the issuance of a default judgment. Without a default judgment, Plaintiff will not be able to recoup the amounts owed to it by Defendants. The risk of harm posed by such a scenario is obvious and weighs in favor of granting Plaintiff's motion.

### 2. & 3. The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors concern the merits of Plaintiff's case and the sufficiency of Plaintiff's complaint. Courts commonly analyze these two factors together. *Pepsico, Inc. v. California Security Cans.*, 238 F. Supp. 2d 1172, 1175-76 (C.D. Cal. 2002). As discussed above, Plaintiff's Complaint adequately demonstrates the sufficiency of all four asserted claims: breach of written contract, professional negligence, negligent misrepresentation, and fraud.

### 4. The Sum of Money at Stake

The fourth *Eitel* factor considers the amount of money at issue in the action. Here, Plaintiff alleges that it lost approximately $1.4 million in principal as a result of Defendants' breaches. Plaintiff further requests prejudgment interest of $442,809.32.

The high value of the controversy counsels the Court to proceed with caution in exercising its discretion to grant default judgment. However, in light of the significant evidence of wrongdoing that Plaintiff presents, the significance of the amount in controversy does not militate against granting default judgment on Plaintiff's claims.

### 5. The Possibility of a Dispute Concerning Material Fact

With respect to the fifth factor, in light of Defendants' wholesale failure to respond to Plaintiff's complaint, the likelihood of a dispute concerning material facts developing appears to be minimal. Although former defendant Z. Lamarsh attempted to file an answer on behalf of Lamarsh Financial *in pro se*, the Court entered an order striking that First Amended Answer for failure to comply with Local Rule 83-2.10.1. Since then, Lamarsh Financial has not responded to Plaintiff's Complaint (Docket 56). In any event, Plaintiff has provided substantial evidence in support of their allegations, indicating that a true dispute on the facts would have been unlikely even if Defendants had chosen to contest Plaintiff's claims. This factor weighs in favor of default judgment.

### 6. Whether the Default Was Due to Excusable Neglect

No evidence exists to suggest that Defendants' failure to respond resulted from excusable neglect. This sixth *Eitel* factor thus supports the issuance of default judgment

### 7. The Strong Public Policy Favoring Decisions on the Merits

The final *Eitel* factor asks the Court to consider the strong public policy interest in favor of determining cases on the merits. As always, evaluation of this factor militates against default judgment. However, this general policy interest, standing alone, is not enough to tip the balance in favor of denying Plaintiff's Motion. Default judgment remains appropriate.

### D. Damages

Plaintiff seeks a total award of $1,458,312.00 in principal plus prejudgment interest of $442,809.32. Cal. Civ. Code § 3300 provides that "[f]or the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." In addition, breach of contract damages must be "clearly ascertainable in both their nature and origin." Cal. Civ. Code § 3301. Plaintiff has plausibly alleged that Downey would not have entered into the Arenas loan, the Kimbell loan, the Lazar loan, or the Saralan loan had the Defendants not misrepresented the facts described above. Accordingly, Plaintiff is entitled to damages equal to the amount of money that Downey lost as a result of these loans, which is a total of $1,458,312.00. Pursuant to Cal. Civ. Code § 3287, Plaintiff is also entitled to prejudgment interest. Plaintiff accordingly requests that prejudgment interest be charged in the amount of $428,894.84. The requested total of prejudgment interest reflects an interest rate of 10% per annum, which is the default rate under Cal. Civ. Code § 3289. Plaintiff's damages request against Defendants shall be GRANTED for the amounts stated below:

First, Lamarsh Financial Inc. is liable for the following amounts:

Principal of $1,458,312

Prejudgment interest of $442,809.32

Second, Linda Mate is jointly and severally liable with Lamarsh Financial for the following amounts, which are already included as part of the judgment against Lamarsh Financial, Inc. hereinabove:

> Principal of $224,818.00
>
> Prejudgment interest of $62,025.13

Third, Eric Wexelman is jointly and severally liable with Lamarsh Financial for the following amounts, which are already included as part of the judgment against Lamarsh Financial, Inc. hereinabove:

> Principal of $301,871.00
>
> Prejudgment interest of $97,756.58

Fourth, Brisa Arenas is jointly and severally liable with Lamarsh Financial for the following amounts, which are already included as part of the judgment against Lamarsh Financial, Inc. hereinabove:

> Principal of $224,818.00
>
> Prejudgment interest of $62,025.13

Fifth, Britten Kimbell is jointly and severally liable with Lamarsh Financial for the following amounts, which are already included as part of the judgment against Lamarsh Financial, Inc. hereinabove:

> Principal of $301,871.00
>
> Prejudgment interest of $97,756.58

Sixth, Yacou Lazar is jointly and severally liable with Lamarsh Financial for the following amounts, which are already included as part of the judgment against Lamarsh Financial, Inc. hereinabove:

        Principal of $216,865.00

        Prejudgment interest of $61,375.76

Seventh, Rashel Saralan is jointly and severally liable with Lamarsh Financial for the following amounts, which are already included as part of the judgment against Lamarsh Financial, Inc. hereinabove:

        Principal of $288,092.00

        Prejudgment interest of $78,455.73

### E. Attorneys' Fees and Costs

Local Rule 55-4 establishes a schedule of attorneys' fees for default judgments. Pursuant to the Brokerage Agreement, the FDIC, as Receiver for Downey, is entitled to reasonable attorneys' fees. Plaintiff's request for attorneys' fees in the amount of $41,622 is hereby GRANTED.

### IV. Disposition

For the foregoing reasons, Plaintiff's Motion is hereby GRANTED.

IT IS SO ORDERED.

DATED: September 26, 2011

                                               _____
                                                   DAVID O. CARTER
                                               United States District Judge